**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MORENA MARLENE GOMEZ-ORELLANA, a.k.a. Ana Gomez, a.k.a. Lucia Gomez, a.k.a. Gladys Ramires, a.k.a. Roberta Rodriguez Ramirez, | No. 10-70253 |
| | Agency No. A094-159-897 |
| Petitioner, | |
| v. | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 1, 2013[**]

Before:     GRABER, WARDLAW, and PAEZ, Circuit Judges.

Morena Marlene Gomez-Orellana, a native and citizen of El Salvador,

petitions for review of the Board of Immigration Appeals' ("BIA") order

dismissing her appeal from an immigration judge's decision denying her

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review factual findings for substantial evidence, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and we deny in part and dismiss in part the petition for review.

Even assuming that Petitioner suffered past persecution, the BIA properly found no nexus between the harms suffered in El Salvador and any statutorily protected ground, including but not limited to political opinion and social group. *See Sangha v. INS*, 103 F.3d 1482, 1490-91 (9th Cir. 1997). The record does not compel the conclusion that those who attacked Petitioner were motivated by anything other than personal greed.

Substantial evidence supports the denial of CAT relief, because Petitioner failed to establish that it is more likely than not that she would be tortured if she returns to El Salvador. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

We reject Petitioner's due process claim because the BIA did consider her claim of persecution, and she did not show bias. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice to prevail on a due process claim).

10-70253

We lack jurisdiction to consider the agency's denial of humanitarian asylum, because Petitioner did not exhaust her challenge as to that claim before the BIA. *See Zara v. Ashcroft*, 383 F.3d 927, 930 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part**.

10-70253